IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANKLIN KEITH KELSEY,

                 Plaintiff

    VS.

ALEXIS E.L. CHASE, *et al.*,

                 Defendants

NO. 5:08-CV-282 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION

Pending before the court is defendants Hale Burnside, Alexis E.L. Chase, and Calvin Ramsey's motion seeking dismissal.[1] Tab #16. Therein, these defendants contend that plaintiff Kelsey failed to exhaust the administrative remedies available to him before filing this federal suit, that plaintiff's claims are time-barred, and that, in any event, the plaintiff failed to state a constitutional claim. Plaintiff Kelsey was ordered to and did respond to the motion. Tab #21. Defendants have filed a reply to plaintiff Kelsey's response. Tab #26.

### LEGAL STANDARDS
#### MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

---

[1] Although plaintiff named Dr. Goale, Deputy Warden McKinley and Shevondah Fields in his complaint, these individuals have not yet been served. In addition, the undersigned notes that plaintiff named Deputy Warden John Perry as a defendant in this lawsuit; however, Perry has not been listed as a defendant on the docket sheet for this case and a USM285 Process Receipt and Return has not been issued for him at this time. (See Tab #1, p. 4; Tab #6).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him.  42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

PERIOD OF LIMITATIONS

42 U.S.C. §1983 does not contain a limitations period.  As such, the period of limitations to be applied in such actions is the state limitations period applicable to personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-77 (1985). The state limitations period applicable to personal injury actions in Georgia is set out in O.C.G.A. § 9-3-33. This statute, in pertinent part, provides that "actions for injuries to the person shall be brought within two years after the right of action accrues." *Id*.  An actions accrues, thus causing the statute of limitations to begin running, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *McNair v. Allen,* 515 F.3d 1168 (11th Cir. 2008).

FACTUAL BACKGROUND

On July 31, 2008, plaintiff Kelsey filed the instant 42 U.S.C. § 1983 action alleging constitutional violations arising out of his medical treatment at Men's State Prison between November of 2005 and June of 2007, to-wit:  plaintiff alleges that he was diagnosed with a staph infection by a Dr. Moseley in December of 2005 and was prescribed antibiotics and ointment at that time. He first saw defendant Burnside in January of 2006 when he requested more medication and

ointment. Plaintiff saw Burnside again on February 13, 2006, because he had once again run out of medication and ointment. He contends that during this February 13, 2006 appointment, defendant Burnside "made an unwise diagnos[i]s and decision as to the severity of the condition," and gave him a "less efficacious treatment [by] not prescribe[ing] meds and ointment."

Plaintiff Kelsey next contends that he continued to submit sick call requests because his boils and sores were inflamed, bleeding, and excreting puss. He alleges that he was next seen by two nurses on February 28, 2006 at which time he was given Band-Aids and gauze and scheduled another appointment with defendant Burnside. Plaintiff was seen by defendant Burnside on March 2, 2006, and was prescribed more gauze, antibiotics, and ointment. He asserts that he again ran out of medication and ointment on April 5, 2006, but that his infection still was not healed. For this reason, he placed another sick call request on April 11, 2006.

On April 14, 2006, plaintiff met with defendant Burnside, whereupon defendant Burnside informed the plaintiff that he was required to pay a $5.00 co-pay. Plaintiff Kelsey objected to this request on the basis that he was seeking treatment for an ongoing problem. In response, Burnside refused to provide treatment on the basis that Kelsey was uncooperative. During this same encounter, Kelsey claims that he dropped his pants to show Burnside the boils and sores, and that Burnside responded by "[making] sexual perverted insinuations concerning [Plaintiff's] penis."

Kelsey claims that he filed another sick call request and was scheduled for an April 19, 2006 appointment with Mr. Buchannon, a Physician's Assistant. Following this appointment, Mr. Buchannon prescribed more medication and ointment. Plaintiff claims that despite these treatments, he continued to bleed. Thereafter, on April 22, 2009, plaintiff states that in response to his continued complaints, Officer Reese sought bandages from the prison's nurses who informed him that plaintiff's treatment was over. Kelsey filled out another medication refill form and was once again seen by defendant Burnside on April 28, 2006. Kelsey claims that, during the appointment, Burnside examined the boils and sores and concluded that the plaintiff's condition was not severe enough to require further treatment.

-3-

On May 3, 2006, plaintiff Kelsey was seen by a nurse and defendant Burnside. During the meeting, Burnside refused to reorder medications or ointment. Plaintiff again saw defendant Burnside on May 11, 2006. Following an examination of the plaintiff's boils and sores, defendant Burnside allegedly told plaintiff that he believed the boils and sores were self-induced. Kelsey placed another sick call request on June 28, 2006, and was seen by a Dr. Hardin on July 12, 2006, who informed him that his condition could not be cured, only treated.

In addition to all of the foregoing, Kelsey avers that many other inmates suffered from the same infection and that the Center for Disease Control ("CDC") sent a nurse to Men's State Prison to investigate. Plaintiff alleges that he was scheduled for an appointment with the CDC nurse on August 11, 2006, but that when he attempted to go to his appointment, he was notified that defendant Burnside had canceled the appointment in retaliation for filing grievances. Plaintiff next alleges that he was seen by Dr. Goale on August 21, 2006 and refused treatment for boils on the basis that the CDC was handling the infections. Finally, plaintiff Kelsey avers that his infection remains unresolved as evinced by a breakout which occurred on December 26, 2006.

DISCUSSION

Based on the above allegations, plaintiff Kelsey filed the instant action claiming multiple constitutional violations. Specifically, Kelsey contends that defendant Burnside was deliberately indifferent to his serious medical needs, made inappropriate sexual comments concerning his genitalia, and retaliated against him by removing him from the CDC appointment list. Plaintiff further asserts that defendant Chase was deliberately indifferent by failing to provide a safe and healthy residence, by allowing violations to occur, and by failing to immediately contact the CDC regarding health issues at the facility. With respect to defendant Ramsey, plaintiff alleges deliberate indifference owing to Ramsey's failure to assist the plaintiff and for failing to adequately supervise physicians and staff. In response to these allegations, the defendants filed the instant motion seeking dismissal.

In their motion seeking dismissal, the defendants argue that this action should be dismissed for several reasons. These reasons include, *inter alia*, failure to exhaust administrative remedies and failure to file within the applicable period of limitations. With regard to the contention that the plaintiff has failed to exhaust his available administrative remedies, the defendants aver that during the time the plaintiff was incarcerated at Men's State Prison, with the exception of the claims arising from his treatment by Dr. Burnside occurring on April 14, 2006 and April 28, 2006, plaintiff Kelsey failed to exhaust his available administrative remedies. In support of this contention, the defendants have submitted the affidavit of Grievance Coordinator Richard Grable. Consequently, the defendants contend that all of the plaintiff's other claims are not properly before the court and should therefore be dismissed.

The defendants next contend that nearly every claim contained in the instant action is time-barred. In support of this argument, the defendants correctly note that the applicable limitations period for the plaintiff's 42 U.S.C. §1983 claims is two years as set forth in O.C.G.A. § 9-3-33. Accordingly, and in light of the fact that the plaintiff executed his action on July 31, 2008, the defendants aver that claims based upon conduct occurring prior to July 31, 2006, including the allegations that Dr. Burnside refused to provide medical treatment during April of 2006, are untimely and must therefore be dismissed.

In response to the foregoing assertions, plaintiff Kelsey claims that he exhausted administrative remedies using a combination of the grievance system as well as "other channels." According to Kelsey, however, the grievance system is futile. Accordingly, Kelsey asks that the court simply excuse any "inadvertent" failure to exhaust and allow the action to proceed. Regarding compliance with the period of limitations, Kelsey incorrectly contends that the limitations period was tolled during the time he was attempting to exhaust his administrative remedies. Furthermore, Kelsey contends that he was prevented from timely filing this action because, with limited exceptions, he was denied "physical access" to the law library thus requiring him to request cases which sometimes took two weeks to be delivered.

Having carefully reviewed the defendants's motion seeking dismissal, the plaintiff's responses thereto, and the evidence of record, it appears that the plaintiff's arguments against dismissal are without merit and that this action cannot proceed.  Because the plaintiff failed to exhaust his administrative remedies as to many of his claims, and because the conduct giving rise to those claims which *were* exhausted occurred outside the applicable period of limitations, the court is without jurisdiction to further consider this case.

Accordingly, **IT IS RECOMMENDED** that the defendants' MOTION TO DISMISS be **GRANTED** and that the plaintiff's action be **DISMISSED.**  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 11th day of AUGUST, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE